This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42640**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MANUEL PALMIER BARROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clara Moran, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Jasmine Solomon, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Following a jury trial, Defendant appeals from the district court's judgment and sentence for aggravated stalking and bribery of a witness (retaliation-injury). [2 RP 361-65] Defendant argues that the district court erred in admitting threatening phone calls and text messages from the last week of March to the first week of April 2024 from Defendant to Victim. [BIC 11] Defendant contends (1) the district court erred by allowing the State to enlarge the charging period under Rule 5-204(C) NMRA in its indictment to include the unduly prejudicial evidence [BIC 18-20]; (2) the evidence amounted to other bad act evidence that was cumulative and unduly prejudicial in violation of Rules 11-404(B) and 11-403 NMRA [BIC 12-18]; and (3) the district court erred in admitting the text messages as having been sent in the charging period because the text messages were undated. [BIC 20-21]

**{3}** Relevant to Defendant's appeal, the State indicated in its indictment that the conduct underlying the aggravated stalking charge occurred on or between April 14 and April 21, 2024, while the conduct underling the bribery of a witness charge occurred on or between April 8 and April 16, 2024. [BIC 2; 1 RP 177] On the first day of trial, the State moved to amend the start of the charging periods for both crimes. [BIC 5-6] The State requested to amend the conduct underlying the aggravated stalking charge to now start on March 25, 2024, and the conduct underlying the bribery of a witness charge to now start on April 7, 2024, to conform to the evidence it would present at trial, including the evidence Defendant now contests on appeal. [BIC 5-6] Defendant argues on appeal that the district court erred because the amendment did not merely "conform with the evidence"—the amendment allowed the State "to pile-on and introduce uncharged prior-bad-act conduct that would have otherwise been inadmissible." [BIC 19]

**{4}** "We review the application of Rule 5-204 de novo." *State v. Ancira*, 2022-NMCA-053, ¶ 9, 517 P.3d 292. Rule 5-204(C) states that the district court "may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence" so long as the variance does not prejudice the defendant. While we have explained that the district court may amend an indictment under Rule 5-204, "it does not allow the district court to amend if there is an additional or different offense charged." *Ancira*, 2022-NMCA-053, ¶ 10 (text only) (citation omitted). The distinction lies between "an amendment to an information and an amended information." *Id.* (internal quotation marks and citation omitted). "An amendment to an information occurs when an otherwise adequate information is supplemented. An amendment to an information does not include the addition of a new charge. An amended information adds a new or a different charge. It acts as the filing of a new instrument that supersedes the original." *Id.* (internal quotation marks and citation omitted).

**{5}** Here, Defendant admits "the amendment did not create an entirely new charge." [BIC 18] Additionally, the record shows that Defendant was not prejudiced by the State's request to amend the indictment. Defendant was aware of the March text messages and phone calls before the State moved to amend the charging period. [BIC 4; 2 RP 285] Although Defendant attempted to have the evidence excluded due to the State's late disclosure [BIC 4], the district court found that the disclosure was timely enough

"but asked that the defense notify the court if it did not feel ready to proceed with trial" and needed a continuance, which Defendant did not request. [BIC 4-5] Rather, Defendant only asserts that the amendment "erroneously allow[ed] a slew of unduly prejudicial evidence" related to the new charging period. [BIC 18; 19-20] As such, Defendant admits that the amendment did conform to the evidence presented at trial as required by Rule 5-204(C), regardless of whether the evidence was properly admitted by the district court. *See* Rule 5-204. We therefore hold that the district court did not err in granting the State's motion to amend the charging period in its indictment under Rule 5-204.

{6}     Defendant also argues that the evidence amounted to other-bad-act evidence, and the district court's admission violated Rules 11-404(B) and 11-403. Defendant asserts "the State presented ample evidence from the original charging period in support of the elements of both charges and there was no justification for adding prejudicial evidence outside of the original charging period." [BIC 15] As such, the district court abused its discretion by allowing "the piling-on" evidence when the State did not need the additional evidence to meet its burden of proof. [BIC 16-17]

{7}     We review the district court's decision to admit evidence, including under Rules 11-404(B) and 11-403 for an abuse of discretion. *See State v. Johnson*, 2024-NMCA-015, ¶ 18, 541 P.3d 141. "An abuse of discretion occurs when the district court's ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). "We cannot say the trial court abused its discretion by its ruling unless we can characterize the ruling as clearly untenable or not justified by reason." *Id.* (text only) (citation omitted).

{8}     Although Defendant repeatedly frames the evidence at issue as other-bad-act evidence of uncharged conduct, we disagree with this characterization. Rather, as we explained previously, the State amended its indictment to enlarge the charging period to conform with the evidence presented at trial, including the evidence at issue. The evidence at issue is therefore not other-bad-act evidence of uncharged conduct, but direct evidence of charged conduct. Defendant acknowledges as much, stating the "April 7 and March evidence were uncharged conduct until the [district] court allowed the enlargement of the charging period *to include those incidents*." [BIC 13] Thus, we decline to address Defendant's Rule 11-404(B) argument further because Rule 11-404(B) does not apply to evidence of conduct charged at trial. *See* Rule 11-404(B).

{9}     Rule 11-403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more the of the following: unfair prejudice, confusing the issues misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As already stated, Defendant asserts that the evidence at issue was cumulative because the State had already presented sufficient evidence to support his convictions, and therefore prejudiced Defendant. [BIC 14-18] We fail to see how the evidence was needlessly cumulative. In relevant part, the State was required to prove beyond a reasonable doubt that Defendant "knowingly pursued a pattern of conduct by, on more than one occasion, directly or indirectly and

using third parties, engaging in any of the following acts: monitoring [Victim], placing [Victim] under surveillance, threatening [Victim], and communicating to and about [Victim]." [BIC 14; 2 RP 325] The threatening phone calls and text messages were submitted to demonstrate additional threats and communications from Defendant to Victim and establish Defendant's pattern of conduct. *See City of Albuquerque v. Westland Dev. Co.*, 1995-NMCA-136, ¶ 27, 121 N.M. 144, 909 P.2d 25 ("We defer to the sound discretion of the trial judge in determining whether evidence should be excluded as cumulative."). Additionally, we fail to see how the evidence unfairly prejudiced Defendant when the evidence was probative and relevant to the charges presented at trial. *See State v. Maxwell*, 2016-NMCA-082, ¶ 27, 384 P.3d 116 ("Evidence is not unfairly prejudicial simply because it inculpates the defendant." (internal quotation marks and citation omitted)). Under these circumstances, we cannot say that the district court's decision to admit the evidence was "clearly untenable or not justified by reason." *Johnson*, 2024-NMCA-015, ¶ 18 (internal quotation marks and citation omitted). Therefore, we conclude that the district court did not abuse its discretion when admitting the evidence of phone calls and text messages from late March to early April.

**{10}**     Defendant also specifically contends that the district court erred by admitting the text messages because "the captured phone screens in the exhibits did not contain dates." [BIC 20] Defendant objected to the exhibits at trial on foundational grounds. [BIC 7; 20] The State introduced the exhibits through the testimony of Victim. [BIC 7; 20] Victim testified that Defendant had sent her the messages in late March 2024. [BIC 7; 20] Here, Victim's testimony was adequate to establish that the text messages were sent in late March 2024, even though the phone captures did not contain dates. *See State v. Imperial*, 2017-NMCA-040, ¶ 28, 392 P.3d 658 (stating "[e]vidence is properly authenticated by the production of foundational evidence 'sufficient to support a finding that the item is what the proponent claims it is'" (quoting Rule 11-901(A) NMRA)). Given Victim's testimony, we cannot say that the district court's decision amounted to an abuse of discretion. *See Johnson*, 2024-NMCA-015, ¶ 18. We therefore affirm the district court's decision to admit the text messages over Defendant's foundation objection. Finally, because we conclude that the district court did not error in granting the State's motion to amend its indictment or otherwise in admitting the evidence, we decline to address Defendant's harmless error argument. [BIC 21-23]

**{11}**     Based on the foregoing, we affirm Defendant's convictions.

**{12}     IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**